IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LOURDES ALFAU-CASTRO,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 13-1316 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Lourdes Alfau-Castro ("Plaintiff" or "Alfau-Castro") filed this action for review of the decision of the Commissioner of Social Security ("Commissioner") which denied her application for disability insurance benefits under Title II of the Social Security Act. (Docket No. 2).

The Commissioner has consented to proceed before a U.S. Magistrate Judge in all Social Security cases pursuant to 28 U.S.C.A. § 636(c). On April 24, 2013, Alfau-Castro filed a consent to proceed before the Magistrate Judge. (Docket No. 4). On June 26, 2013, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 8 and 9). On November 15, 2013, Plaintiff filed her memorandum of law. (Docket No. 15). On February 13, 2014, the Commissioner filed his memorandum. (Docket No. 19). A careful review of the record confirms the Commissioner's decision is supported by substantial evidence and, thus, must be affirmed.

**PROCEDURAL HISTORY**

On July 19, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"). See, Administrative Transcript ("Transcript") at pp. 371-375. Plaintiff alleged she had been disabled since May 31, 2007, due to scoliosis, radiculitis, bilateral carpal tunnel syndrome, osteoarthritis, and epilepsy. (Transcript at p. 388, Section 3). Plaintiff's application was denied initially on December 20, 2010 and, on reconsideration, on August 26, 2011. She requested a hearing before an administrative law judge ("ALJ") which was held on May 3, 2012. Id. at pp. 29-50.

On May 7, 2012, the ALJ issued his decision and found that, through the date last insured (March 31, 2012), Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Id. at p. 18. He further explained that an evaluation of the entire record confirmed that Plaintiff had the residual functional capacity ("RFC") to perform light work and was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. Id. at pp. 18-22. Therefore, Plaintiff was not disabled and her claim was denied. Id. at p. 24.

Plaintiff requested review of the ALJ's decision, and on February 26, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of the Social Security Administration, subject to judicial review. Id. at pp. 1-3.

Plaintiff Alfau-Castro now seeks judicial review of the final decision of the Commissioner denying her petition. (Docket No. 2).

## ANALYSIS

The sole issue before this court is whether substantial evidence supports the decision of the Commissioner that Plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2007 (her alleged onset date) through March 31, 2012 (her date last insured). A careful review of the record confirms the Commissioner's decision is supported by substantial evidence and, thus, must be affirmed.

### A.   PLAINTIFF'S BURDEN.

To establish entitlement to benefits, Alfau-Castro must prove that she became disabled within the meaning of the Act. See Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987) and Deblois v. Secretary of HHS, 686 F.2d 76, 79 (1st Cir.1982). Alfau-Castro will be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 416(i)(1) and 423 (d)(1). In addition, her impairment must be so severe as to prevent her from working, not only in her usual occupation, but in *any other substantial gainful work* considering her age, education, training, and work experience. See, 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Alfau-Castro must also be precluded from engaging in *any* substantial gainful activity by reason of such impairment. See, e.g., McDonald v. Secretary of HHS, 795 F.2d 1118, 1120 (1st 1986); see also, Colón v. Commissioner of Social Security, 378 F.Supp.2d 10, 11-12 (D.P.R. 2002). Moreover, her complaints cannot provide the basis of entitlement when they are not

supported by medical evidence. Avery v. Secretary of HHS, 797 F.2d 19, 20–21 (1st Cir.1986).

To make a final determination as to whether a claimant is or not disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

**B.    THE STANDARD OF REVIEW.**

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Manso-Pizarro v. Secretary of HHS, 76 F.3d 15, 16 (1st Cir. 1996) and Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. See, Rodríguez-Pagán v. Secretary of HHS, 819 F.2d 1,3 (1st Cir. 1987) (The Court must affirm the Commissioner's decision "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.") (internal citations omitted); see also, Benetti v. Barnhart, 193 Fed.Appx. 6 (1st Cir. 2006).

## C. APPLICATION TO THE INSTANT CASE.

The undersigned has carefully examined the briefs filed by the parties, the ALJ's decision and the record as a whole. This review confirms the ALJ's determination that, through the date last insured, Alfau-Castro did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. 404.1520 (d), 404.1525 and 404.1526. The same conclusion follows regarding the ALJ's finding that Plaintiff had the RFC to perform light work as defined by 20 C.F.R. 404.1567(b), except that she was precluded from tasks requiring frequent bilateral manipulation and had to avoid environmental hazards such as moving machinery, unprotected heights and driving vehicles. The Court explains.

The ALJ in the instant case evaluated Plaintiff's case following the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520.[1] The ALJ first found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Transcript at p. 17.

At step two, the ALJ found that, through the date last insured, Alfau-Castro had the following severe impairments: bilateral Carpal Tunnel Syndrome, cervical and lumbar conditions, and epilepsy. Id. The ALJ further reasoned that Plaintiff did not have an impairment or combination of impairments which met or medically equaled any impairment contained in the listings. Id. p. 18. The ALJ determined that Plaintiff retained

---

[1] That is, (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listing as set out in Appendix 1; (4) whether the impairment prevents the claimant from returning to her past relevant work; and (5) whether the claimant is able to perform other work as it exists in the national economy. See , 20 C.F.R. § 404.1520(a)(4)(I)-(v).

the RFC to perform light work, except that she was precluded from tasks requiring frequent bilateral manipulation and had to avoid environmental hazards such as moving machinery, unprotected heights and driving vehicles. Id. at p. 19.

While reaching said conclusion, the ALJ considered the evidence and Plaintiff's testimony at the administrative hearing. He then found that Alfau-Castro's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the above RFC assessment. Id. at p. 19.

Plaintiff now claims the ALJ erred in assessing her credibility as his finding is inconsistent with the opinion of her treating physician, Dr. Derick Colón-López ("Dr. Colón-López"). Contrary to the ALJ's conclusion, Plaintiff adduces the ALJ should have given Dr. Colón-López "significant weight," as he "found that she was markedly limited." (Docket No. 15 at pp. 9-11.). The Court disagrees.

It is clear the ALJ carefully considered Alfau-Castro's testimony as well as the extent to which such allegations could be reasonably accepted as consistent with the objective evidence of record. After a careful consideration of the entire record, the ALJ properly found that Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent they were inconsistent with the RFC assessment. See Frustaglia v. Secretary of HHS, 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings.")(internal citations omitted). The undersigned finds no basis to alter this conclusion.

Moreover, the record confirms that the ALJ considered Dr. Colón-López' opinion but, in view of the record as a whole, found it not to be persuasive. Under these circumstances, the ALJ was not required to give Dr. Colón-López' opinion controlling weight. See 20 C.F.R. § 404.1527(d) and Mercado v. Commissioner of Social Security, 767 F.Supp. 2d 278, 285 (D.P.R. 2010). Thus, the ALJ correctly gave little weight to Dr. Colón-López' opinion as it was not supported by objective evidence. To the contrary, the objective evidence supported the ALJ's conclusion that Plaintiff had the RFC to perform light work.

For example, in terms of Plaintiff's alleged cervical and lumbar conditions, the evaluation of the medical evidence confirms that the MRI of the spine, performed on January 10, 2007, showed intervertebral discs bulges from C3-C4 to C6-C7. It was otherwise normal. Similarly, the MRI of the lumbosacral spine performed on December 13, 2010 showed very mild/early degenerative changes with scattered degenerative disc deformities at the lower lumbar spine, as well as *mildly* desiccated disc scape. There was no evidence of disc herniation, central canal stenosis or exiting nerve root mass effect. See, ALJ's Decision, Exhibit 3F. In addition, and as correctly noted by the ALJ, the diagnostic techniques only showed mild bilateral Carpal Tunnel Syndrome and right C6 radiculitis. Radiological studies of the cervical spine, bilateral shoulders, and bilateral humeri taken on November 1, 2006, were "ESSENTIALLY NEGATIVE". Transcript at p. 120.

Plaintiff's records with the State Insurance Fund also show treatment from October 2006 to September 5, 2007 due to complaints of neck, shoulders and arm pain. However, no severe limitation on range of motion, positive straight leg raising test, loss of strength, or sensory, motor or reflex systems deficit was reported.

Dr. Winston R. Ortiz' ("Dr. Ortiz") evaluation also supported the ALJ's conclusion. Dr. Ortiz, who is a consultant neurologist, found that Alfau-Castro was only moderately limited in her ability to sit, stand, walk, lift, carry and travel and that she was able to bend, stoop, kneel and squat. Normal motor, reflex and sensory systems, however, were reported by him. He warned, however, that Plaintiff should avoid unprotected elevations, water and fire hazards, dangerous machinery and driving.

Regarding Plaintiff's epilepsy condition, Alfau-Castro herself confirmed the seizures were under control with Dilantin (100 mg twice a day), which she had been taking for the last ten (10) years. Although she was treated at the emergency room in 2007 because of a seizure, the attending physician reported that Alfau-Castro was fully oriented and had a normal physical evaluation. Furthermore, Dr. Luis M. Irizarry-Pabón, treating internist, reported that Plaintiff's epileptic condition had been controlled with medication.

In sum, this and other medical evidence considered by the ALJ confirms that Alfau-Castro has some restrictions on her activities of daily living. However, the medical reports "do not evidence any condition severe enough as to prevent work activities on sustained basis." Transcript at p. 20; see also, pp. 19-22 for a thorough evaluation of the evidence made by the ALJ.

At the fourth step, the ALJ determined that Plaintiff's RFC precluded her from performing any of her past relevant work. Id. at p. 22. At step five, the ALJ determined that Plaintiff was not disabled since, prior to her date last insured, based on her vocational factors and RFC as well as the vocational expert's opinion, Plaintiff retained the RFC to

perform work which existed in significant numbers in the national economy. As a result, the ALJ found that Plaintiff was not disabled. Id. at p. 26.

The ALJ's conclusion that Plaintiff retained the RFC to perform work which existed in significant numbers in the national economy is also supported by substantial evidence.

One final contention warrants clarification. That is, Plaintiff's allegation that the ALJ did not assess her credibility in conformity with the factors listed in Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 23 (1st Cir. 1989).[2] The undersigned disagrees. As the above discussion attests, the ALJ followed the factors and concluded that Plaintiff's symptoms were not credible. In fact, as correctly stated by the Commissioner, the ALJ noted that Plaintiff was treated with oral medication and physical therapy; she did not require surgery or other aggressive medical treatment; considered Plaintiff's testimony that the medications she took daily were somewhat helpful and that she did not see her doctor frequently; and that Plaintiff was told she needed to try to work by the State Insurance Fund and that she was to continue treatment while working. While it would have been preferable for the ALJ to provide greater detail as to *each* Avery factor, a careful review of the record and a thorough reading of both the ALJ's decision and the hearing transcript, confirm the factors were discussed and considered by the ALJ and the ALJ properly found that Plaintiff was not disabled to the extent she alleged. See e.g., Mercado, 767 F.Supp. 2d

---

[2] These factors include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity on the individual's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other that medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses of has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. See, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p.

Lourdes Alfau-Castro v. Commissioner of S.S.
Opinion and Order
Civil No. 13-1316 (CVR)
Page No. 10

at 285 (In any event, ". . .a failure to address all of the <u>Avery</u> factors in the rationale of the final decision is cured if the factors are discussed or considered at the administrative hearing.).

## CONCLUSION

In view of the foregoing, only one conclusion follows: the Commissioner's decision is supported by substantial evidence of record and must be **AFFIRMED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 13th day of March of 2014.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE